GOTTSBERGER *v.* HARNED. (*a*)

Where a judgment is obtained in a justice's court by default, the fact that the defendant had mistaken the return day of the summons, *may* form sufficient ground for directing a new trial.

But the defendant, on appeal, must show, further, that *manifest injustice* has been done him; and his affidavit, merely, will not be sufficient, when contradicted by the affidavit of the plaintiff and of a witness who proved the claim on the trial. (*b*)

Where a party seeks to procure a new trial, *under such circumstances,* he should furnish, in addition to his own affidavit, the testimony of a witness to establish his defence.

APPEAL from one of the district courts, upon the grounds stated in the opinion which follows.

BY THE COURT. INGRAHAM, FIRST J.—Judgment was obtained by the plaintiff in this case by default, the defendant having mistaken the day of the return of the summons. He

(*a*) See *Fowler* v. *Colyer, ante,* p. 125.

(*b*) In the case of *Van Wyck* v. *Kelly,* decided in October, 1853, this court, at general term, (DALY, J., delivering the opinion,) held, distinctly, that where the defendant's affidavit is fully and particularly contradicted by the affidavit of the plaintiff alone, the former must be corroborated, to authorize interference for "manifest injustice," under § 366 of the Code, wherein provision is made in reference to judgments by default. This reference to the case is deemed sufficient, without reporting it in full.

now moves on the return, and on affidavits, for a new trial. A misapprehension as to the return day of the summons may possibly be considered as within the provisions of the Code, which allows the appellate court to grant a new trial; but, in addition thereto, it is necessary for the defendant to establish, by affidavits or otherwise, that manifest injustice has been done him, and to excuse his default.

The defendant here denies the hiring, and alleges the only hiring to have been under an agreement of 1841, and avers that he is not indebted to the plaintiff in one cent for rent. This is answered by the plaintiff and his son, both of whom testify to the indebtedness, and to frequent promises to pay by the defendant. With such a preponderance of testimony against the defendant, it cannot be said that he has shown any injustice done to him; on the contrary, the evidence by the plaintiff's son would be sufficient, on another trial, to establish the plaintiff's claim. Besides this, however, the plaintiff produces the agreement for renting the premises from May, 1846, to May, 1847, and a continuance of it to July, 1847, signed by the defendant, which also establishes the defendant's indebtedness. This could only be rebutted by proof of payment. No receipt is spoken of by the defendant, in his affidavit, nor is any witness referred to, to prove payment. The case, then, rests on the affidavit of the defendant, contradicted by the plaintiff's affidavit, and that sustained by the written agreement of the defendant and the testimony of a witness.

We cannot, under such circumstances, say that injustice has been done to the defendant. On the contrary, with this testimony, it would be the duty of the court, or jury, if trying the cause, to render the same judgment as was given before the justice.

If a defendant, under such circumstances, wishes a new trial, he should not only by his own affidavit show his defence, but should establish it by the testimony of a witness. If he has none, a new trial would be of no avail.

We think the defendant has not made out a case that entitles him to a new trial under the provisions of the Code.

Judgment affirmed.